**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2989
_____

PAUL COX,
                        Appellant

v.

UNITED PARCEL SERVICE, INC.;
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION 401
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-15-cv-02013)
District Judge: Honorable James M. Munley

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 6, 2018

Before: HARDIMAN, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: October 10, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

BIBAS, *Circuit Judge*.

If a party gets four extensions of his discovery deadlines and blows through them all without justification, he may well not get a fifth chance. The District Court here was admirably patient with Paul Cox, but that patience is finite. It repeatedly warned him that it would dismiss his case unless he complied. When Cox flouted the Court's deadline yet again, the Court was entirely justified in following through and dismissing the case with prejudice.

## I. BACKGROUND

Paul Cox was a mechanic for UPS until his supervisor forced him to resign. He sued UPS and his union, Local Union 401, International Brotherhood of Teamsters, for alleged wrongs surrounding his resignation. When the parties tried to engage in discovery, Cox dragged his feet. He missed a deadline to respond to the union's document requests. And then he missed another deadline to respond to UPS's interrogatories and document request.

The parties sought and received a discovery extension from the Court. But still Cox did not respond. So UPS and the union asked the Court to intervene. After a discovery conference, the Court adopted the parties' proposed discovery order. The order required Cox to respond to the discovery requests within a week or face dismissal of the case. Despite this second extension, Cox did not respond.

Instead, the day after the Court-ordered deadline passed, he asked for a third extension. Four days later, the Court granted that extension and gave him two more days to respond. The court again warned Cox, by hand-writing on its order, that "[f]ailure to comply w[ould] result in the dismissal of this action." Supp. App. 64. But Cox again did not comply. When

the deadline came, his responses to UPS and the union were incomplete and unverified and lacked detail.

Twice more, Cox moved for discovery extensions. Despite Cox's conduct, the Court acquiesced and granted him a few more days—his fourth extension. He missed that deadline too.

After all this, UPS and the union moved to dismiss. Applying the *Poulis* discovery-sanction factors, the District Court dismissed Cox's case with prejudice. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984); *Cox v. UPS*, No. 15-cv-2013, 2017 WL 3189022, at *7 (M.D. Pa. July 26, 2017). The Court did not affirmatively find that Cox's repeated delays had prejudiced UPS and the union, but still held that the *Poulis* factors favored dismissal. *Cox*, 2017 WL 3189022, at *5.

Cox now appeals. Though dismissal with prejudice is an "extreme sanction," we defer to trial courts, reviewing only for abuse of discretion. *Poulis*, 747 F.2d at 868, 870 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam)).

## II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DISMISSING COX'S CASE FOR HIS REPEATED VIOLATIONS OF DISCOVERY DEADLINES

To decide whether dismissal is an appropriate sanction, courts in this circuit examine Poulis's six factors:

(1) the extent of the *party*'s personal *responsibility*;

(2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a *history* of dilatoriness;

(4) whether the conduct of the party or the attorney was *willful* or in *bad faith*;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and

(6) the *meritoriousness* of the claim or defense.

747 F.2d at 868 (emphases in original, line breaks added). No one factor is dispositive. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). And a court may dismiss a case even if not all the factors are satisfied. *Id.* In applying the *Poulis* factors and dismissing Cox's case with prejudice, the District Court did not abuse its discretion.

## A. The extent of the party's personal responsibility

The first factor asks whether the party himself, as opposed to the party's counsel, "bears personal responsibility for the action or inaction which led to the dismissal." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994). Here, in response to a discovery request, Cox made no effort to get and disclose his tax returns. So the District Court found that this factor favored dismissal. *Cox*, 2017 WL 3189022, at *4-5. We agree.

## B. Prejudice to the adversary

On this record, the District Court could not find that there was or was not prejudice. "We are sympathetic to [UPS and the union's] argument, yet the record ... does not contain examples of specific or generalized instances of prejudice, sufficient to allow the court to

determine the nature and extent thereof." *Id.* at *5. So the District Court found the prejudice factor to be "neutral." *Id.*

Cox emphasizes the lack of proof of prejudice. But prejudice is just one of the six factors, not a prerequisite for dismissal. We see no abuse of discretion here.

## C. History of delay

Cox missed so many deadlines that the District Court found it easier to list all the times that Cox did meet a deadline—that list is shorter. *Id.* at *5. "[T]he court and [UPS and the union] were compelled to consistently prod [Cox] into action." *Id.* We agree with the District Court that this factor "weigh[s] heavily in favor of dismissal." *Id.* at *6.

## D. Willfulness of delay

The District Court repeatedly warned Cox that his case would be dismissed unless he provided complete discovery responses. Despite those warnings, Cox never responded adequately. He failed to obey repeated court orders and to provide requested discovery, and offered no plausible explanation for his noncompliance. All of those failures evince willfulness. *Curtis T. Bedwell & Sons v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 695 (3d Cir. 1988). And his counsel admits that "Cox withheld his tax returns and [the] identity of his employers after UPS" simply because "Cox did not want to disclose [them]." Cox Br. at 9-10. Withholding documents because you do not want to disclose them is textbook bad faith. So we agree with the District Court that the willfulness factor "weighs heavily in favor of sanctions." *Cox*, 2017 WL 3189022, at *6.

5

### E. Alternative sanctions

The District Court concluded that this factor also favors dismissal. But it did not analyze all the options. It said it could not do so without more information, "to wit, the discovery plaintiff failed to provide." *Id.* at *7.

That reasoning is inadequate and circular. Rule 37 authorizes a list of sanctions for situations when "a party ... fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). In other words, courts should use and analyze these sanctions precisely because they lack the information discovery provides. Yet the District Court used that lack of information to justify not analyzing at least two of the listed sanctions that could apply to this case: staying proceedings until Cox obeyed the discovery orders, or treating Cox's failures as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(iv), (vii).

But here, those alternative sanctions would have been inadequate. Staying further proceedings would not have sanctioned Cox, but rewarded him for stalling. Given Cox's failure to respond to discovery requests under the threat of dismissal, additional threats of contempt and monetary sanctions were unlikely to induce Cox's compliance. Any other sanctions listed in Rule 37 would have been, as the District Court said, "tantamount to a dismissal" and would only have delayed entering judgment against Cox. *Cox*, 2017 WL 3189022, at *7 (quoting *Curtis T. Bedwell & Sons*, 843 F.2d at 696). So we agree, though for slightly different reasons, that this factor favors dismissal.

### F. Merits of the claim

Under the merits factor, a court will treat a claim or defense as meritorious when the pleadings make out a prima facie case or a complete defense. *Poulis*, 747 F.2d at 869-70.

When both sides can make out prima facie cases, this factor can be neutral. *Curtis T. Bedwell & Sons*, 843 F.2d at 696. The District Court concluded both that Cox made a prima facie showing of his case and that UPS and the union made prima facie showings of their defenses. *Cox*, 2017 WL 3189022, at *6. We agree, so this factor is neutral.

### G. Weighing all the Poulis factors

After weighing all the *Poulis* factors, the District Court found that dismissal with prejudice was an appropriate sanction. *Id.* at *7. Four of the six factors favor dismissal. Two are neutral. None favors Cox. The test is holistic and does not demand proof of prejudice. And though dismissal with prejudice is an extreme sanction, Cox was warned multiple times that this would be the sanction for failing to comply. He could have heeded those warnings, but did not. We will affirm.